IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lois Harris <br>         Debtor <br><br> PENNSYLVANIA HOUSING FINANCE AGENCY <br>         Movant <br> vs. <br><br> Lois Harris <br>         Debtor <br><br> William C. Miller, Esquire <br>         Trustee | CHAPTER 13 <br><br><br> NO. 17-16232 MDC <br><br><br><br> 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,921.00,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | October 2019 to February 2020 at $627.00/month |
| Late Charges: | October 2019 to February 2020 at $16.20/month |
| Suspense Balance: | $326.00 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$3,921.00** |

2. The Debtor(s) shall cure said arrearages in the following manner;

    a). A Notice of Post-Petition Mortgage Fees, Expenses, and Charges will be filed for the fees and costs in the amount of **$1,031.00**;

    b). Beginning on March 1, 2020 and continuing through August 1, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$627.00** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$481.67 from March 2020 to July 2020 and $481.65 for August 2020** towards the arrearages on or before the last day of each month at the address below;

PENSYLVANIA HOUSING FINANCE AGENCY
211 N. FRONT STREET
HARRISBURG, PA 17101

        c).    Maintenance of current monthly mortgage payments to the Movant thereafter.

3.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.    In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.    The parties agree that a facsimile signature shall be considered an original signature.

Date:    February 18, 2020        By: */s/ Rebecca A. Solarz, Esquire*
                                                           Attorney for Movant

Date: *February 19, 2020*                */s/ Timothy Zearfoss, Esquire*
                                                      Timothy Zearfoss, Esquire
                                                      Attorney for Debtor

Date: 2/21/2021

_____  **NO OBJECTION**
William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2020.  However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Magdeline D. Coleman